## PEOPLE v. SHEA.

1. CONSPIRACY—CREDIBILITY OF WITNESSES—DISCREPANCY AS TO DATES—MEMORY.

In prosecution for crime of common-law conspiracy to corrupt the State legislature by bribery, which was alleged to have taken place some 5 years before the trial, discrepancies as to certain dates in the testimony of witnesses and failure of recollection as to some details had to do with credibility in general of the principal witnesses, a matter for consideration by the jury.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses, § 862.
[2] 8 Am Jur, Bribery, §§ 16, 33; 11 Am Jur, Conspiracy, §§ 42, 44.
[3] 53 Am Jur, Trial, §§ 42, 43, 458, 459, 995, 997.

2. Same—Guilt of a Particular Defendant—Evidence.

    The question of guilt of a particular defendant who with 22 others was charged with a common-law conspiracy to corrupt the State legislature by bribery was properly submitted to the jury under evidence presented and evidence was sufficient to establish his guilt beyond a reasonable doubt.

3. Same—Trial—Outburst from Audience—Remarks of Special Prosecutor.

    Where during 2-months' trial of appellant and 22 others on charge of common-law conspiracy to corrupt the State legislature by bribery there was an outburst from the audience and the special prosecutor requested that the record show it was appellant and another defendant, the court ordered such matter stricken, and there was some further uncalled-for exchange of remarks between counsel, the incident *held*, not ground for reversal of verdict rendered several weeks thereafter.

Reid and Bushnell, JJ., dissenting.

Appeal from Ingham; Simpson (John), J., presiding. Submitted May 19, 1949. (Docket No. 69, Calendar No. 42,923.) Decided January 9, 1950. Rehearing granted February 28, 1950. See 328 Mich 166.

Henry F. Shea and others were convicted of a conspiracy to corrupt the legislature of the State of Michigan by bribery. Affirmed.

*Stephen J. Roth*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *Daniel J. O'Hara*, Assistant Attorney General, and *Richard B. Foster*, Special Assistant Prosecuting Attorney, for the people.

*Roy T. Conley*, for appellant Shea.

North, J. Henry F. Shea was convicted in a trial by jury wherein he and 22 others were charged with a conspiracy incident to giving and receiving bribes with the intent and for the purpose of influencing

the official action of members of the Michigan legislature. The information and general factual background of the case are covered in our opinions handed down herewith in *People* v. *Hancock, ante,* 471, and *People* v. *Cooper, ante,* 514. Shea was sentenced 3 to 5 years in the State prison of southern Michigan and he has appealed, leave having been granted.

The information charges the commission of the offense as of "to-wit: On the 1st day of January, 1939, and on divers other days and times between that time and the 1st day of July, A. D. 1939."* The following is quoted from the brief filed in behalf of Shea:

"He (Shea) served as senator from a district in the upper peninsula in both the 1937 and 1939 legislatures. * * * During the session of 1937 he knew Charles F. Hemans by sight only. His first memory of meeting Hemans was during the 1939 session, to the best of his memory having been introduced to him sometime between the 22d day of February and the 9th day of April, 1939, that meeting taking place in the room of Hemans. He became acquainted with Joseph Roosevelt (who was connected with Hemans in legislative matters) during the 1937 session (during which Roosevelt was a member of the senate).

"Charles F. Hemans testified that he had an agreement with Henry F. Shea, said agreement having been made in room 516, Olds Hotel, sometime during the month of February, 1939, whereby defendant Shea agreed to 'go along on Senate Bills Nos 85 and 166.' Hemans further testified that he agreed to pay the sum of $250 to Shea and that he did pay him approximately half of said amount in room 516 of the Olds Hotel in cash.

"Defendant Shea categorically denied that any such agreement as related by Hemans was ever made or carried out. * * *

---

* For details of information see *People* v. *Hancock, supra.*

"Regardless of what any other defendant may
have done, if Shea did not enter into the alleged
agreement with Hemans and accept the money as
Hemans claims, then he cannot be found guilty in
this case.   It was incumbent upon the jury to weigh
the testimony of witnesses Hemans and Roosevelt
on the one hand and the testimony of Shea on the
other."

It is too clear for controversy that the conviction
of Shea and his codefendants turned upon whether
the jurors believed the essential portions of Hemans'
testimony, which as to Shea was in some particulars
corroborated by testimony given by Joseph Roose-
velt.   Admittedly there were discrepancies as to
certain dates in the testimony of each of these wit-
nesses relative to incidents which occurred approxi-
mately 5 years prior to the trial of this case and
these witnesses were unable to recall definitely some
details of transactions concerning which they testi-
fied; but such discrepancies and their inability to re-
member had to do with the credibility in general of
each of these witnesses, which was a matter for con-
sideration by the jury.

We are not in accord with the contention made in
behalf of defendant Shea that:   "It is unbelievable
that the jury could disassociate the testimony per-
taining to the activities of Shea alone from the volu-
minous testimony offered over the period of time
consumed by the trial."   In this connection it may
well be noted that Shea and one other defendant
(Stephen Benzie, who died subsequent to the trial)
were separately represented by able counsel who
as such presented to the jury the case made concern-
ing Shea individually; and further it may be noted
that the jury acquitted 2 of the defendants charged
and tried in this case.

The record contains ample testimony to justify
submitting to the jury the issue of fact as to whether

defendant Shea was guilty or innocent. As stated in his brief, he testified in "flat denial" of his guilt. But there was testimony to the contrary, which we note only in part. Hemans testified that incident to Senate Bills Nos 85 and 166 he paid out in the neighborhood of $8,350; that there was no question about his having paid Shea money; that payment was made in Hemans' hotel quarters which Shea visited "once a week, perhaps;" that Hemans' best recollection was that he paid Shea "In the neighborhood of $250, my recollection, an even $250;" that for that money he (Shea) was "to vote on certain amendments as they were presented to him, amendments which were acceptable to my clients, and to vote the same manner on the bill." The agreement with reference to Shea was that: "He would go along on Senate Bills Nos 85 and 166." To some extent, in corroboration of Hemans' testimony, the people's witness, Roosevelt, testified that Shea was in Hemans' hotel room "about twice a week." Defendant Shea testified that he knew Hemans "by sight in 1937," that between February 22 and April 9, 1939, he met Hemans in his hotel room and, "I would say I was not in there over 5 times,—5 or 6 times, possibly." Defendant Shea's contention that the verdict was contrary to the great weight of the evidence or not sufficient to establish his guilt beyond a reasonable doubt is not tenable.

It is urged by appellant herein that prejudicial and reversible error was committed by the special prosecutor by his disparagement of appellant and his counsel. With one exception, about to be noted, this phase of the record is reviewed in defendant Cooper's brief in *People* v. *Cooper,* adopted and relied upon by defendant herein, and is considered in our opinions handed down herewith in the *Cooper Case* and in *People* v. *Hancock.* We have found no reason for departing from the holding in the *Cooper* and *Hancock Cases* that the matters of this character

of which complaint is made do not constitute reversible error in this long and vigorously contested trial. Because it is particularly applicable to the instant case we quote from our opinion in *People* v. *Fleish,* 321 Mich 443, 452:

"Many frivolous objections and interruptions were interposed, rather caustic remarks and accusations came from both sides. It would serve no purpose to recite them here in detail. But it may be noted as bearing upon any adverse effect upon the jury that defendants' complaints of this character, while marshalled together in presenting this appeal, did not so occur at the trial, but instead they occurred at separate intervals during the trial which commenced" in the instant case June 12, 1944, and verdict was rendered August 12, following.

The one complaint in the instant case, as to this phase of the record, which is not common to the other defendants, happened in the following manner: By cross-examination one of the people's witnesses, comparatively early in the trial, was placed in a somewhat embarrassing position which resulted in something of an "outburst from the audience." The court voiced a reprimand and thereupon the special prosecutor said: "I would like to have the record show it was Senator Shea and Benzie and some more of these defendants." Counsel for Shea and Benzie at once interposed the following: "Now, if the Court please, I appreciate what happened, and I want the record to show that the statement made by Mr. Sigler, that it was Shea and Benzie —." The court, evidently interrupting, ruled: "It may be stricken." Some further uncalled for exchange of remarks passed between counsel. The noted conduct was not commendable, but it was not a ground for reversing a verdict rendered several weeks thereafter.

Five other topical headings with subdivisions thereof are noted in the brief filed in behalf of de-

fendant Shea. None of the issues raised by such topical headings are discussed in the Shea brief. Instead as to each of them there is reference to and adoption of the presentation of these identical issues in the brief filed by defendant Cooper. Each of them has been carefully considered and held not to constitute reversible error in one or both of our decisions handed down herewith in *People* v. *Cooper, ante,* 514, and *People* v. *Hancock, ante,* 471. Duplication herein would be purposeless. We do not find in them reasons for holding that there was error which would justify reversal. The conviction and sentence are affirmed.

BOYLES, C. J., and SHARPE, J., concurred with NORTH, J.

BUSHNELL, J. (*dissenting*). For the reasons stated in *People* v. *Omacht, ante,* 505, I am unable to agree with the conclusions reached by Justice NORTH.

The conviction should be set aside and a new trial should be granted.

REID, J., concurred with BUSHNELL, J.

DETHMERS, BUTZEL, and CARR, JJ., did not sit.