### PEOPLE v. SHEA.

#### ON REHEARING.

· This case is controlled by *People* v. *Hancock,* 326 Mich 471; *People* v. *Omacht,* 326 Mich 505, 328 Mich 145; *People* v. *Cooper,* 326 Mich 514, 328 Mich 159; *People* v. *Shea,* 326 Mich 526.

REID and BUSHNELL, JJ., dissenting.

Appeal from Ingham; Simpson (John), J., presiding. Submitted May 19, 1949. (Docket No. 69, Calendar No. 42,923.) Decided January 9, 1950. Submitted on rehearing April 14, 1950. Decided on rehearing June 27, 1950.

Henry F. Shea and others were convicted of a conspiracy to corrupt the legislature of the State of Michigan by bribery. Affirmed.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Richard B. Foster,* Special Assistant Prosecuting Attorney, for the people.

*Roy T. Conley,* for appellant Shea.

NORTH, J. Following our affirmance of defendant's conviction and sentence (See 326 Mich 526), his application for a rehearing accompanied by a brief in support thereof was granted and oral argument allowed. However at such rehearing no further brief in behalf of defendant was submitted, nor was any oral argument made on the rehearing in support of his claims of error previously asserted. Nonetheless we have again considered the reasons and grounds for reversal set forth in defendant's brief filed on the original hearing and also those set forth in his motion and brief for a rehearing.

Notwithstanding a brief has not been filed nor oral argument made in behalf of defendant, it is quite obvious that, as previously urged, he contends he should be granted a new trial because: (1) The verdict was contrary to the great weight of evidence (evidently meaning insufficient to establish defendant's guilt beyond a reasonable doubt), and (2) That prejudicial error was committed by the special prosecutor's disparagement of appellant and his counsel. Defendant also relies upon errors asserted and briefed in behalf of codefendants Cooper, Hancock and Omacht.

Our reconsideration of this case in each of the above respects discloses nothing which would justify a departure from our former conclusion that defendant's conviction and sentence should be affirmed. The reasons for our present decision adequately appear in our former opinion in the instant case* and in our earlier opinions affirming the conviction of the respective defendants in the noted companion cases,† as well as in our opinions on rehearing in the *Cooper*

---

* *People* v. *Shea,* 326 Mich 526.—REPORTER.
† *People* v. *Hancock,* 326 Mich 471; *People* v. *Omacht,* 326 Mich 505; *People* v. *Cooper,* 326 Mich 514.—REPORTER.

*Case* * and in the *Omacht Case,*† handed down herewith.

Our former affirmance of defendant's conviction and sentence is reaffirmed.

Boyles, C. J., and Sharpe, J., concurred with North, J.

Bushnell, J. (*dissenting*). For the reasons stated in *People* v. *Omacht, ante,* 145, I am unable to agree with the conclusions reached by Mr. Justice North.

The conviction should be set aside and a new trial should be granted.

Reid, J., concurred with Bushnell, J.

Dethmers, Butzel, and Carr, JJ., did not sit.

---

* *People* v. *Cooper,* 328 Mich 159.—Reporter.
† *People* v. *Omacht,* 328 Mich 145.—Reporter.